(157 App. Div. 835.)

ACKERMAN v. STACEY.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1913.)

1. MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENT USE OF STREETS—EVIDENCE —RATE OF SPEED.

In an action for the death of a boy, who was killed by the defendant's automobile while crossing a street, evidence *held* to require submission to the jury of the question whether the automobile was exceeding the speed limit, although there was no direct testimony as to its speed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

2. NEGLIGENCE (§ 122*)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE OF CHILD —BURDEN OF PROOF.

Where a boy 10 years old was killed by an automobile while crossing a street, an instruction that the burden was upon the plaintiff to show that the boy was incapable of taking care of himself in the street, in order to find that he was not guilty of contributory negligence, was erroneous, as requiring the plaintiff to prove, without reference to age,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

intelligence, or circumstances, that the boy was actually incapable of taking care of himself.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221–223, 229–234; Dec. Dig. § 122.*]

3. TRIAL (§ 295*)—INSTRUCTIONS—CHARGE CONSIDERED AS A WHOLE.

Though, if a charge taken as a whole contains correct instructions upon the issues, error cannot be predicated, ordinarily, upon the fact that separate instructions contain inaccurate statements of the law, yet where one of the lost instructions given is an erroneous statement as to the law of contributory negligence as applied to an infant decedent, it constitutes reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from Trial Term, Herkimer County.

Action by Schuyler Ackerman, as administrator, against Irving E. Stacey. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Argued before KRUSE, P. J., and ROBSON, LAMBERT, and MERRELL, JJ.

A. M. Mills, of Little Falls (James A. Evans, of Little Falls, of counsel), for appellant.

Andrew J. Nellis, of Albany (Robert F. Livingston, of Little Falls, of counsel), for respondent.

ROBSON, J. Plaintiff's intestate, an infant nearly 10 years of age, a pedestrian crossing a public street in the city of Little Falls about 10 o'clock in the evening of June 15, 1910, was struck and fatally injured by an automobile in which defendant was then riding with three members of his family and two friends, besides a chauffeur, who was driving the car. Respondent does not seem to claim on this appeal that he, though not in fact the owner, was not the person responsible for the operation and management of the car. The evidence presented a fair question of fact both as to defendant's negligence and the contributory negligence of the deceased, and we should not be inclined to disturb the verdict of the jury in defendant's favor, except that, as it appears to us, the substantial rights of plaintiff were on the trial prejudiced by certain rulings of the trial court.

[1] The speed at which the car was running at the time of the accident was a material factor in the evidence upon the question of defendant's negligence. No witness testified directly as to an estimate of the speed of the car, and the court in the course of the trial held that there was no evidence warranting the jury in finding that the speed exceeded 4 miles an hour. This ruling was first made at defendant's request, when the court was considering the question whether there was evidence to go to the jury on the question of a violation by defendant of the statute as it then existed, which limited the speed at which it was lawful to run an automobile under the conditions which the evidence disclosed were then present. To this ruling plaintiff duly excepted. When plaintiff's counsel was making his closing address to the jury, the court held that he had no right to suggest to

them that the car was going at a greater rate of speed than 4 miles an hour. Again, in the charge of the court the jury were fully instructed that, though they could not under the evidence find that the car was running at a greater speed than 4 miles an hour, yet, as the court said:

"If the condition there, in view of the park being located on the right-hand side, the conditions as to the street lights, and the conditions as to the probability of persons passing from the park out into the street, were such that the chauffeur ought to have reduced the speed more than he did, ought to have had his car under better control than he did, so as to stop it in less time and less space than he did, then those are circumstances which you have a right to take into consideration on the question whether he was or was not negligent in the operation of that car."

Exceptions to these rulings of the court were duly taken in behalf of plaintiff. We think the jury's consideration of the question of the speed of the car should not have been thus limited, and that there was some evidence of facts from which as an inference the jury might under proper instruction have determined that the car was running at a considerably greater speed than 4 miles an hour. It appeared that the car weighed 3,000 pounds and was equipped with a gasoline motor of 45 horse power. It was also equipped with both a foot and an emergency brake, which, as the chauffeur testified, "acted quickly and were very forcible and powerful." He also testified that as soon as he saw the intestate, who was then directly in front of the left headlight of the car and but about a foot distant, he "threw on the brakes and pulled the throttle, which slackens the speed of the machine and stops her." He further says:

"I applied the foot brake just as soon as I saw the boy. I put the other brake on after that."

And this brake was found to be on after the car had stopped. These is further testimony upon which the jury might have found that this car, notwithstanding these efforts of the chauffeur to stop it, ran, after the intestate was struck, more than 70 feet along a street having, as the exhibits indicate, a slight upgrade in the direction the car was moving. Under such circumstances it is apparent that the car had a considerable momentum when it struck the intestate; and, if it ran more than 70 feet after he was struck under the conditions shown by this part of the evidence of the chauffeur, it is not credible that its speed was not greater than 4 miles an hour. Though there was no evidence to show within what distance this or a similar car would be stopped under similar conditions when running at any designated speed per hour, yet it was for the jury to deduce as·an inference from these. facts the speed of the car, and not for the court to hold as matter of law that the evidence did not warrant a finding that it was running more than 4 miles an hour.

[2] We are also of the opinion that the court erred in charging the jury upon the question of the contributory negligence of plaintiff's intestate. In the body of the charge the jury were instructed correctly that:

"A boy of that age is not held to the same high degree of care that a person of mature years is held. He is held under the law to only that degree of care and caution for his own safety that a reasonably careful and cautious boy of that age is accustomed to exercise."

And the court further at some length explained and elaborated this principle in its proper application to this case. But, after the completion of the main charge, the court, at the request of defendant's attorney, charged:.

: "That the burden is upon plaintiff to show that his intestate, Frank Ackerman, was incapable of taking care of himself in the street, in order to warrant the jury in finding that plaintiff's intestate was not guilty of contributory negligence."

The effect of this statement by the court was an instruction to the jury that plaintiff was required to establish that intestate, without reference to his age, intelligence, or the circumstances in which the evidence shows he was placed at the time of the injury, was actually incapable of taking care of himself in the street. That the court did not at the time fully appreciate the comprehensive extent of this request to charge to which he acceded appears from the different statement of the law in the body of his charge, and also from some further requests which were charged at the suggestion of defendant's attorney.

[3] Recognizing, as we do, that error is not ordinarily to be predicated upon distinct parts of a charge, even though when, separately considered, they may be incomplete, or to some extent inaccurate, statements of the law, if the charge, taken as a whole, contains correct instructions to the jury upon these points, yet we cannot say that this statement, addressed as it was to the jury among the last instructions they received, and coming with the added force of a distinct statement of what plaintiff must prove as to the capacity of deceased to care for himself in the street, else a finding that he was guilty of contributory negligence must be made, was not so prejudicial to plaintiff as not to present error for which a reversal of the judgment should be directed.

The judgment and order should be reversed, and new trial granted, with costs to the appellant to abide event. All concurred, except FOOTE, J., not sitting.